ISAAC IVEY and WILLIAM ROGERS, assignees, *et al.*, plaintiffs in error, *vs.* NOBLE BROTHERS & COMPANY, defendants in error.

In 1863 John A. Wilkins hired to defendants certain negroes, and about the same time sold to them a wagon and mules, and lent to them $2,000 00.

Ivey and Rogers *vs.* Noble Brothers & Company.

At the time, the defendants were under a contract to deliver to the Confederate government all the ore they should make, and to cast guns and make shell for said government, and were engaged in building a furnace to make iron under their contract, and Wilkins knew that the property he let defendants have was to be used in constructing said furnace and carrying out said contract. In 1867 the parties met, and the defendants gave to Wilkins the notes, amounting together to about half the amount due on the unpaid contract, due one at nine and the other at eighteen months after date, which upon their face expressed that they went in settlement of the notes taken in the transaction of 1863, and for deficiency of clothing:

*Held,* that, under the evidence, it did not appear that the notes taken in 1867 were without consideration, and that a verdict for the plaintiffs was not illegal.

Contracts. Consideration. Before Judge UNDERWOOD. Floyd Superior Court. July Term, 1874.

The material facts of this case are embraced in the above head-note.

SMITH & BRANHAM; ALEXANDER & WRIGHT, for plaintiffs in error.

DABNEY & FOUCHE, for defendants.

McCAY, Judge.

The question in this case really at issue is not so much whether the original contract in 1863 was illegal, as whether the notes now sued on are without valuable or legal consideration; not, it is to be noticed, without *full* consideration, but whether a plea that they are without consideration can, under the evidence, be sustained. The question of the legality of the original contract is only here in this collateral way; for it must be remembered that it is not the supposed illegal contract that is sued on, and that none of that public policy which requires the courts to refuse to aid parties to enforce against each other undertakings entered into in the prosecution of illegal enterprises, enters into the case. These notes were given after the war, when all illegal purpose or intent was impossible. So that the sole question is, are the notes without consideration? It is, without doubt, true that a man is not bound to perform an illegal contract, and that, as a general rule, a

contract based upon an illegal contract as a consideration may fairly be said to be without consideration.   The satisfaction of an undertaking which the law would not enforce because of its illegality, is doubtless within this rule.

The state of this case, as presented by the record, is that at the close of the war, to-wit: in 1866, the plaintiff was the holder of various notes, given by the defendants during the war for negro hire, a wagon and mules, and $2,000 00 in Confederate money loaned, and that in addition to this the plaintiff claimed that the defendants were indebted to him some amount, for that they had failed to give to the negroes such clothes as, under the agreement, they were bound to do, In this state of things the parties met, and the old notes, and this claim for clothes were given up, and these notes now sued on given in compromise, adjustment and accord and satisfaction of the whole.   The old notes were for about $3,400 00, with interest.   The amount of the claim for clothes does not appear.   The new notes were for $1,956 82.   The old notes up to the making of the new, without the claim for clothes, would amount to over $4,000 00; so that these two notes, one due at nine and the other at eighteen months, are for less than half of the amount due.

It does not appear why this compromise was effected.   The facts simply show that the parties met and made an adjustment, taking new notes for about half the amount apparently due.   Why was this done?   The evidence does not show, except that the new notes were given in compromise of *some dispute* as to the old ones.   What was that dispute?   Was it the amount of the old ones?   Was it the fact that the consideration of the old debt was Confederate money?   or was it the very dispute now on trial?   or was it all these together?   *Prima facie*, the notes sued on are for a valuable consideration.   The burden is upon the defendant to show that this is not so.   The notes themselves show that the old notes were not the consideration; that is, that these notes were not a mere renewal of the old.   It is apparent that some compromise was had; there was some dispute, some accord and settlement of matters.   We

Ivey and Rogers *vs.* Noble Brothers & Company.

think the burden was on the defendant to make out his case, to show that these notes were without consideration, to show that they were not for the settlement of this very dispute. It was for him, in a case like this, to prove all the facts, and thus show what was the true motive for giving these notes. It is not enough that he shows the consideration may have been nothing but the old debt, less its adjustment under the ordinance for the settlement of Confederate debts. It should have appeared that this was all the consideration. It may be the case, perhaps it was, that the very question depended on by this defense was one of the elements of the settlement, to-wit: whether the notes were collectible at all? As we have said, the burden is on the defendant to show what the truth of the matter was. The notes are *prima facie* for a valuable consideration. The facts show that they were not given as mere renewals of the old, but that the plaintiff gave up over half his claim. Why, does not appear. It is well settled that the settlement of a dispute as to the legality of a debt is a good consideration for a promise: Addison on Contracts, 18 to 21.

We are free to say we have not felt disposed to search for grounds of objection to this verdict. We cannot but feel that the plea is an ungracious one, that it stands solely upon a technical legal right, and that right is not based on any claim the defendant has to the protection or countenance of the court, but solely upon certain rules of law intended to disencourage illegal contracts. As the defendant stands solely on technical legal rules, we have felt it not unfair to insist that he shall have brought himself exactly within them. In this he has failed. He has not shown what was the consideration of the notes sued on. He has left it open for conjecture. It may have been that the consideration was the settlement of the precise question now insisted on, and it was for him to negative this, at least by showing what was the true motive—what it was that was settled. We think, therefore, the verdict ought to stand.

Judgment reversed.